**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**JACK TYLER ENGINEERING COMPANY,**

**Plaintiff,**

**v.**                                                                  **No. 10-02373-cgc**

**COLFAX CORPORATION,**

**Defendant.**

**ORDER GRANTING EXPEDITED MOTION TO VACATE
AND SET ASIDE DEFAULT JUDGMENT**

Before the Court is Defendant Colfax Corporation's ("Colfax") Expedited Motion to Vacate and Set Aside Default Judgment ("Motion") (D.E. #26), which was filed on January 10, 2011 pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.  Defendants claim, *inter alia*, that the Magistrate Judge did not have jurisdiction to enter a Default Judgment absent their consent to the jurisdiction of the Magistrate Judge.  For the reasons set forth herein, Colfax's Motion is hereby GRANTED.

**I.  Introduction**

On May 18, 2010, Jack Tyler Engineering Company ("Jack Tyler") filed a Complaint in this Court against Colfax alleging the following causes of action: (1) violations of Tennessee's Repurchase of Terminated Franchise Inventory Act, Tenn. Code Ann. § 47-25-1301, *et seq.*; (2)

breach of contract; (3) unjust enrichment; and, (4) declaratory judgment.[1]  Upon filing of the Complaint, a Summons was issued to Jack Tyler to be served upon Colfax "c/o Corporation Service Company" ("CSC").  On June 7, 2010, Jack Tyler filed a Return of Service with this Court stating that Colfax was served with the Complaint and Summons on June 1, 2010 in accordance with Rule 4 of the Federal Rules of Civil Procedure.

On June 25, 2010, Jack Tyler filed a Motion for Entry of Default on the grounds that Colfax had failed to plead or otherwise defend against the Complaint within the time period set forth in Rule 12 of the Federal Rules of Civil Procedure.  On June 28, 2010, the Clerk of Court entered a Default against Colfax pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On August 13, 2010, Jack Tyler filed a Motion for Default Judgment and Memorandum in Support of Motion for Default Judgment.[2]  On October 18, 2010, the Magistrate Judge held a hearing on Jack Tyler's Motion for Default Judgment.  At the hearing, the sole appearing party—Jack Tyler—consented to the jurisdiction of the Magistrate Judge.  As of the date of the default judgment hearing, Colfax had not filed a Notice of Appearance, Answer, or any other motion or pleading in the case.  Jack Tyler proceeded to request damages pursuant to its claim for violation of the Tennessee Repurchase of Terminated Franchise Inventory Act, as they contended that damages under any of the alternative claims would have been duplicative.  At the hearing, Plaintiff presented testimony from its principal officer, Jack Tyler, as well as Dr. Ralph Scott regarding damages.  At

[1]  Jack Tyler's Complaint states that it contains five causes of action; however, the filing with the Court is missing page 8, and thus the Court is unaware of the substance of the third count.

[2]  The Motion for Default Judgment was filed twice with the Court (D.E. #8, #9).  The initial filing contains the Brief in Support of Motion for Default Judgment, along with other exhibits; the second filing contains the same motion and exhibits but inexplicably omits the Brief in Support of Motion for Default Judgment.  The Magistrate Judge considered the two filings as one motion.

the conclusion of the hearing, the Magistrate Judge determined that a default judgment should be entered and that Jack Tyler should be awarded damages in the amount of $4,298,051.60.  On October 25, 2010, the Court entered an Order Granting Motion for Default Judgment and a Default Judgment.  On November 24, 2010, a Writ of Execution, Summons, and Notice of Garnishment was issued to satisfy the Default Judgment.

On January 10, 2011, Colfax filed the instant Motion, its first filing in this case.  Colfax asserted that it had been unaware of the pendency of this action until January 7, 2011 when the company received notice that its bank accounts were frozen.  Colfax requested that the Court set aside and vacate the Default Judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.  In the Motion, Colfax argued that they were unaware of the litigation because of "an inadvertent error on the part of a former Colfax employee and a misdirected email."  Specifically, Colfax argues that its former staff attorney did not properly advise the company of the service of the Summons and Complaint upon CSC and that its claims coordinator, Traci Benish, was unaware of the electronic notice of Service of Process sent by CSC because it apparently had been "automatically blocked" by an "e-mail spam filter."  Colfax argued that its lack of awareness was based upon mistake, inadvertence, surprise, and excusable neglect, under which circumstances the Court is permitted to relieve a party from a final judgment.  See Fed. R. Civ. P. 60(b); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd., 507 U.S. 380 (1993).

On January 19, 2011, Jack Tyler filed its Response to Colfax's Motion.  Jack Tyler argued that it completed service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure upon CSC, one of Colfax's registered agents for service of process.  Jack Tyler asserts that Colfax did not deny that service occurred upon CSC or that CSC is one of its registered agents

for service of process.  Thus, Jack Tyler argues that Colfax seeks "to have the default judgment set aside despite its own admission that service was proper, and that its legal department had both constructive and actual notice of the lawsuit, yet failed to act on that notice, enter an appearance, file an answer or responsive pleading, or otherwise make any effort to defend this lawsuit." Therefore, Jack Tyler asserts that no grounds exist under Rule 60(b) to vacate and set aside the Default Judgment.

On January 19, 2011, Andrew B. Campbell, counsel for Colfax, filed his Notice of Appearance.  On January 20, 2011, the Court permitted Joseph G. Colao to appear *pro hac vice* on behalf of Colfax.  On January 20, 2011, Colfax filed a Reply Memorandum in Further Support of Colfax's Motion.  In the Reply, Colfax reasserted that the Default Judgment should be vacated and set aside  pursuant to Rule 60(b).  Additionally, Colfax raised for the first time the issue of "whether there was authority and jurisdiction under 28 U.S.C. § 636 for a magistrate judge to enter a default judgment and award damages."  See Reply at n.1.

On January 21, 2011, the Magistrate Judge held a hearing on the instant Motion.  At the hearing, Colfax argued that the Court must first address the threshold issue of whether the Magistrate Judge had jurisdiction absent the consent of a non-appearing defendant.  Relying upon the authority cited in its Reply, Colfax argued that the Court did not.  Jack Tyler responded that the Court did have jurisdiction and requested an opportunity to brief the issue that had only been raised the day prior in Colfax's eve-of-hearing Reply.  The Court acknowledged that proper jurisdiction was indeed a threshold question and provided each party one week to brief the issue of whether the Magistrate Judge's jurisdiction was proper to enter a Default Judgment upon only the consent of the appearing party.

4

Both Jack Tyler and Colfax filed their respective briefs on the jurisdictional question on January 28, 2011. Jack Tyler asserts three main points: (1) consent is not required from a defendant that has not filed an appearance in the action; (2) a non-appearing defendant's consent can be implied from conduct; and, (3) if the Court finds that consent of a non-appearing defendant is required under § 636(c), the Magistrate Judge may file a Report and Recommendation on the Motion for Default Judgment to the District Judge under § 636(b). Colfax reiterates its position that a Magistrate Judge does not have authority to entered a default judgment absent its consent under § 636(c). Colfax further asserts that it did not implicitly consent to the Magistrate Judge's jurisdiction by failing to appear or respond to Jack Tyler's Complaint.

## II. Analysis

Under the Federal Magistrates Act, 28 U.S.C. § 636 *et seq.*, a United States Magistrate Judge is empowered to enter a final judgment in a civil case "[u]pon consent of the parties." 28 U.S.C. § 636(c)(1). In USA Figure Skating v. Dickinson, 2000 WL 1679431 (6th Cir. 2000), the Sixth Circuit held that, "[i]n the absence of the consent of all the parties, a magistrate judge lacks the authority to enter dispositive rulings." Id. at *1 (citing 28 U.S.C. § 636(c); Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir. 1984) (requiring a "clear and unambiguous statement in the record indicating that the parties consented to the exercise of plenary jurisdiction by the Magistrate"). The Dickinson court further held that "[a] § 636(c) consent entered prior to the entry of an appearance by a party is not binding on that party." 2000 WL 1679431 at *1 (citing Henry v. Tri-Services, Inc., 33 F.3d 931, 933 (8th Cir. 1994)).

Because the Sixth Circuit requires the consent of "all parties" before the Magistrate Judge may exercise jurisdiction, the court must address whether Colfax consented to the Magistrate

Judge's jurisdiction.  It is undisputed by the parties that Colfax did not expressly consent to the Magistrate Judge by filing a formal consent form pursuant to Rule 73(b)(1) of the Federal Rules of Civil Procedure.  However, Jack Tyler argues that Colfax's consent can be implied by their failure to appear.

With respect to implied consent, the United States Supreme Court has held that parties may implicitly consent to the jurisdiction of the Magistrate Judge.  Roell v. Withrow, 538 U.S. 580 (2003).  However, implied consent under Roell requires the following: (1) "notification of the right to refuse the magistrate judge"; and, (2) an affirmative "signal[]" of consent to the Magistrate Judge's authority "through actions rather than words."  Id. at 587 n.5 & 590.  The rationale for these requirements is that "voluntary consent of the parties is required before a civil action may be referred to a magistrate for a final decision."  Id. at 589.   The Roell court concluded that the defendants had implicitly consented to the jurisdiction of the Magistrate Judge because they had been notified of their right to refuse the Magistrate Judge's jurisdiction and had not objected to the Magistrate Judge's authority throughout the entire pendency of their case.  Id. at 590-91.  Furthremore, the defendants in Roell event "voiced no objection when, at several points, the Magistrate Judge made it clear that she believed they had consented."  Id. at 584 & n.1.

Contrary to the circumstances presented to the Roell court, Colfax was never notified of their right to refuse consent to the Magistrate Judge and did not act in any affirmative manner to consent to the Magistrate Judge's authority through actions rather than words.  Thus, Colfax cannot be deemed to have implicitly consented to the Magistrate Judge's jurisdiction under Roell.  Further, the Dickinson court has stated that any § 636(c) consent entered before a party files a notice of appearance is not binding upon that party.  2000 WL 1679431 at *1 (citing Henry, 33 F.3d at 933).

Thus, because Colfax had not filed a notice of appearance before the Magistrate Judge ruled upon the Motion for Default Judgment, any purported implied consent based upon failure to appear could not be deemed binding.   Therefore, the Court concludes that Colfax did not consent to the jurisdiction of the Magistrate Judge—either expressly or implicitly.

Finally, Jack Tyler asserts that the Magistrate Judge may, in essence, convert its Order Granting Motion for Default Judgment to a Report and Recommendation on the Motion for Default Judgment pursuant to § 636(b), which does not require consent of the parties.  Jack Tyler argues that the Magistrate Judge may issue this Report and Recommendation absent a previous order referring the Motion for Default Judgment from a District Judge.  See United States v. B & D Vending, Inc., 398 F.3d 728, 731-33 (6th Cir. 2004) (concluding that the combination of the District Judge's formal order of referral issued after the Magistrate Judge's Report and Recommendation and the text of the Local Rules were "fully sufficient to authorize the magistrate judge to act in accordance with § 636(b)).  For several reasons, the Court declines to do so.  First, the B&D Vending court advises that it is "preferable for a formal designation of a particular magistrate judge to be made prior to that magistrate judge conducting any hearings."  Id. at 732.  Further, while the B&D Vending court had the benefit of hindsight to consider both the Magistrate Judge and District Judge's actions in that case, the Magistrate Judge does not have such foresight in this case.  Therefore, the Magistrate Judge will not presume how the District Judge would elect to handle the present case and will not convert its previous order to a Report and Recommendation to be submitted to the District Court.

Accordingly, the Court finds that it lacked statutory authority to enter the default judgment absent the consent of Colfax.  As such, the default judgment entered on October 25, 2010 must be vacated and set aside.  The Clerk's entry of default entered on June 25, 2010 remains in effect, and

Jack Tyler's Motion for Default Judgment filed on August 13, 2010 shall be reopened and assigned to a United States District Judge.

### III.  Conclusion

For the reasons set forth herein, Colfax's Expedited Motion to Set Aside and Vacate Default Judgment in hereby GRANTED.  The Clerk of Court shall assign the instant case to a presiding United States District Judge and shall reopen the August 13, 2010 Motions for Default Judgment (D.E. #8, #9).[3]

**IT IS SO ORDERED** this 3rd day of February, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

---

[3] As discussed above, see n.4, *supra*, Jack Tyler filed two virtually identical Motions for Default Judgment.  As the Magistrate Judge concludes that she lacked authority to rule upon either of these motions, both of these motions must be reopened to be considered by a United States District Judge.