IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| JACK TYLER ENGINEERING COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-2373-STA |
| COLFAX CORPORATION, | ) ) ) | |
| Defendant. | ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT, ORDER DENYING PLAINTIFF'S MOTION TO STRIKE, AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
_____

Before the Court are Plaintiff's Motion for Default Judgment (D.E. # 8, 9); Defendant's Motion to Set Aside Entry of Default (D.E. # 42, 43); and Plaintiff's Motion to Strike Defendant's Answer (D.E. # 46). For the reasons set forth below, Defendant's Motion to Set Aside Default is **GRANTED**, and Plaintiff's Motion for Default Judgment is **DENIED** as moot Furthermore, Plaintiff's Motion to Strike is **DENIED** as moot.

**BACKGROUND**

Plaintiff Jack Tyler Engineering Company, Inc. filed its Complaint in this diversity matter on May 18, 2010, alleging various claims under Tennessee law against Defendant Colfax Corporation. Upon its filing, this case was initially assigned to the United States Magistrate Judge for all proceedings. Thereafter Plaintiff filed an affidavit of service, averring that

1

Defendant was served with process on June 1, 2010.[1] On June 28, 2010, the Clerk of Court, on Plaintiff's motion, entered default against Defendant. On August 13, 2010, Plaintiff filed its Motion for Default Judgment (D.E. # 8, 9), seeking damages as well as pre-judgment and post-judgment interest and attorney fees. After conducting a hearing on Plaintiff's damages, the United States Magistrate Judge granted Plaintiff's Motion for Default Judgment on October 25, 2010, and entered default judgment against Defendant in the amount of $4,298,051.60.

On January 10, 2011, Defendant filed an expedited motion to vacate and set aside default judgment (D.E. # 26). According to Defendant, it had no knowledge of Plaintiff's lawsuit until January 7, 2011, when Defendant received notice that its bank accounts were frozen pursuant to a writ of garnishment. Both parties filed briefs (D.E. # 28, 29, 34) and following a hearing on January 21, 2011, submitted supplemental briefs on the issue of whether the Magistrate Judge had jurisdiction to enter a default judgment (D.E. # 37, 38). On February 3, 2011, the Magistrate Judge concluded that she did not have jurisdiction to enter judgment and, therefore, granted Defendant's motion to vacate and set the judgment aside pursuant to Rule 60(b). In her order, the Magistrate Judge stated that the Clerk's Entry of Default should remain in place and that Plaintiff's Motions for Default Judgment (D.E. # 8, 9) should be re-opened for consideration by a United States District Judge. On February 14, 2011, this matter was transferred to the undersigned for all further proceedings.

Following the Magistrate Judge's order vacating the default judgment, Defendant filed a Motion to Set Aside Default (D.E. # 42, 43) and an Answer (D.E. # 45) to the original Complaint. In its Motion, Defendant argues that the Court should set aside the Clerk's entry of

---

[1] D.E. # 4, June 7, 2010.

default because Defendant can show good cause under Rule 55(c) and all three equitable factors favor setting aside the default in this case.  First, Defendant believes that it has meritorious defenses to Plaintiff's claims, specifically, Defendant's contention that no enforceable agreement between the parties exists and even if it did, the Tennessee Retailer's Act would not govern it. Second, Defendant argues that Plaintiff will not be prejudiced by setting aside the default. Finally, Defendant states that it did not engage in any culpable conduct in this instance.  Even though Defendant admits that process was properly served on Defendant's registered agent, Defendant contends that due to an internal error, the summons and Complaint were never brought to the attention of Defendant's legal administrator or corporate counsel.  Additionally, Defendant faults Plaintiff for not serving Defendant with any other filings or motions in this matter in violation of the Federal Rules and Local Rules of Court.  Defendant points out that once Defendant learned of the default judgment, Defendant promptly acted to correct the default. Based on these factors, Defendant asks the Court to set aside the default and permit the case to move forward.

In opposition to Defendant's Motion to Set Aside Default, Plaintiff responds that the Court should take up Plaintiff's Motion for Default Judgment and not consider Defendant's attempt to set aside the default.  Plaintiff emphasizes that but for "the luck of the draw" in having the case initially assigned to the Magistrate Judge, Plaintiff would have obtained in due course a default judgment from a District Judge.  It follows that in the absence of any jurisdictional issues, Defendant would have to meet the higher standard for vacating a judgment under Rule 60(b), and not Rule 55(c)'s more liberal standard for setting aside a default.  Moreover, Plaintiff implies that the Magistrate Judge wrongly concluded that she lacked jurisdiction to enter the

default judgment. Plaintiff now urges the Court to refuse to set aside the entry of default and review *de novo* the Magistrate Judge's decision to grant default judgment.[2] Plaintiff further maintains that none of the equitable factors favor relief in this case. According to Plaintiff, Defendant's conduct is culpable because service of process was proper and Defendant had notice of the suit. Plaintiff suggests that the Court should not credit Defendant's assertion that an unnamed, part-time staff attorney was responsible for the error. Plaintiff denies that it had any duty under the Federal Rules to serve Defendant with its other filings, including its motion for entry of default and motion for default judgment. With respect to the other factors, Plaintiff states that it will be prejudiced by the additional expense and time in litigating this matter to another conclusion after having already obtained a judgment. Finally, Plaintiff disputes Defendant's claim that it has meritorious defenses. Plaintiff contends that its claims are based on the Tennessee Retailer's Act, and so Defendant's common law contract defenses are inapposite. For these reasons, the Court should decline to set aside the entry of default.

## ANALYSIS

### I.      Procedural History and Pending Motions

As an initial matter, Plaintiff has argued that the Court should not even reach the merits of Defendant's Motion to Set Aside Default and Defendant's Answer. Plaintiff emphasizes that service of process was accomplished, default against Defendant was entered, and default

---

[2] Plaintiff proposed a similar course of action in its briefing to the Magistrate Judge on her jurisdiction to enter judgment. *See* Pl.'s Br. Addressing M.J.'s Jurisdiction, Jan. 28, 2011. Plaintiff has incorporated that brief here by reference. *See* Pl.'s Mem. Opp'n Mot. Set Aside, 6 n.4.

judgment was granted in Plaintiff's favor. Plaintiff maintains that the Magistrate Judge vacated the default judgment, not for the purpose of re-opening all proceedings, but simply so that a District Judge might consider Plaintiff's Motion for Default Judgment. "Rather than address the motion for default judgment, Colfax now seeks to end-run this directive in the Court's order by having the default set aside."[3] Consequently, Plaintiff states that the Court should not consider either Defendant's Motion to Set Aside Default or its late-filed Answer to the Complaint.

The Court finds nothing improper in Defendant filing its Motion to Set Aside Default at this point in the case. A Rule 55(c) motion appears to be the correct procedure where the Clerk of Court has entered default but before the Court has entered default judgment. While it is true that the Magistrate Judge previously granted default judgment and that Defendant did not appear in this matter until default judgment was entered against it, the Magistrate Judge has now vacated the judgment, on Defendant's Rule 60(b) motion no less, and re-opened Plaintiff's Motion for Default Judgment. A Rule 55(c) motion remains available to a defending party until a default is reduced to a default judgment.[4] The fact that the Magistrate Judge vacated her judgment and instructed the Clerk of Court to re-open Plaintiff's Motion for Default Judgment

---

[3] Pl.'s Mem. Opp'n Mot. Set Aside, 6; 7 ("Plaintiff strictly adhered to the Rules of Civil Procedure in obtaining the default and default judgment, and Colfax should not be allowed to circumvent the pending Motion for Default Judgment."); 23 ("Colfax has not pointed to a single case that would justify setting aside an entry of default where a judgment has already been entered and was only set aside out of a jurisdictional concern of the magistrate judge who originally entered the default judgment.").

[4] "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The Court finds that on its face the rule does not set a time limit for a Rule 55(c) motion. In response to Defendant's Rule 55(c) Motion, Plaintiff has briefed cases applying Rule 60(b)'s excusable neglect standard. *See* Pl.'s Mem. Opp'n Mot. Set Aside, 9. The Court holds that the lower "good cause" standard of Rule 55(c) applies in this instance.

5

does not preclude the parties from filing, much less this Court from considering, whether the default might be set aside. Therefore, the Court concludes that Defendant's Rule 55(c) Motion is ripe for consideration.

In the alternative, Plaintiff has suggested that rather than take up Defendant's Motion to Set Aside Default, the Court should review *de novo* the Magistrate Judge's decision to grant default judgment. Plaintiff has cited no authority for the Court to follow such a procedure under the circumstances presented. The Magistrate Judge has not issued a report and recommendation for the Court to review (and in fact she is no longer assigned to the case). Furthermore, the Magistrate Judge expressly declined to issue a report. In previous briefing on the Magistrate Judge's jurisdiction to enter the default judgment, Plaintiff proposed as an alternative to vacating the judgment that the Magistrate Judge recommend to the District Court that Plaintiff's Motion for Default Judgment be granted.[5] In her order vacating the judgment, the Magistrate Judge rejected this option.[6] Most importantly, because the Magistrate Judge has vacated her order granting default judgment, there is nothing on the record for this Court to review *de novo*. Therefore, the Court finds that the procedure proposed by Plaintiff is not well-taken. The Court will proceed to consider the merits of Defendant's Motion to Set Aside Default.

## II. Defendant's Motion to Set Aside Entry of Default

---

[5] *See* Pl.'s Br. Addressing M.J.'s Jurisdiction, Jan. 28, 2011. As previously noted, Plaintiff has incorporated by reference its January 28 brief in its response to the instant Motion. That brief was addressed largely to the issue of whether the Magistrate Judge had jurisdiction to enter a judgment. It is not clear to Court whether Plaintiff is asking the Court to consider that question now. To the extent that Plaintiff asks this Court to review the issue of the Magistrate Judge's jurisdiction, the Court has no basis to reach the issue.

[6] Order Granting Expedited Mot. Vacate & Set Aside Default J., Feb. 3, 2011 (J. Claxton).

Federal Rule of Civil Procedure 12(a) requires that a defendant serve an answer within twenty-one days of being served with the summons and complaint.[7] When a defendant fails to respond or otherwise defend the action within the time permitted, the Clerk of Court can enter default against the defendant.[8] However, Rule 55(c) authorizes the court to set aside an entry of default for "good cause shown."[9] To determine whether good cause exists, the Court must weigh three equitable factors: (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has a meritorious claim or defense; and (3) whether the plaintiff would be prejudiced if default was set aside.[10] Although the Court must consider all three factors,[11] a defendant need not satisfy all three prongs in order to have entry of default set aside.[12] The Sixth Circuit has held that when the other two factors "militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful

---

[7] Fed. R. Civ. P. 12(a)(1)(A)(i).

[8] Fed. R. Civ. P. 55(a).

[9] Fed. R. Civ. P. 55(c).

[10] *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006); *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Although *United Coin* involved a Rule 60(b) motion to set aside default judgment, rather than a Rule 55(c) motion to set aside entry of default, the Court stated that "the three factors [] should be applied in both situations." *Id*. at 845.

[11] *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986).

[12] *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citing *Shepard Claims*).

7

failure of the moving party to appear and plead."[13] Therefore, the Court will consider each equitable factor in turn.

**A. Meritorious Defense**

A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[14] A defendant is not required to show that its defense is likely to succeed on the merits or offer detailed factual allegations in support of the defense.[15] The Sixth Circuit has held that a defense need only be "good at law"[16] and present only "a hint of a suggestion which, proven at trial, would constitute a complete defense."[17]

The Court holds that Defendant has come forward with more than one possible defense that would be good at law. Defendant has presented general contract defenses as well as defenses specific to the Tennessee Retailer's Act that would show "a hint of a suggestion" of a complete defense. The Court finds the defenses to the statutory claims particularly relevant as it is undisputed that the Magistrate Judge granted default judgment on the basis of those claims.[18]

---

[13] *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Shepard Claims*, 796 F.2d at 194).

[14] *Id*. at 326 (quoting *Burrell*, 434 F.3d at 834).

[15] *Id*.

[16] *Id*. (citing *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)).

[17] *Id*. (citation and quotations omitted).

[18] Order on Mot. For Default J., Oct. 25, 2010 ("Plaintiff's complaint alleged that Plaintiff incurred damages as a result of Defendant's unilateral termination of a distributorship agreement between the parties in violation of Tenn. Code Ann. § 47-25-1301, *et seq*. . . ."); Pl.'s Mem. Opp'n Mot. Set Aside, 17 ("The default judgment was only entered with respect to the

8

Defendant questions whether the Act applies to the alleged relationship between the parties in this case. More specifically, Defendant argues that Plaintiff will not be able to show that its "arrangement" with Defendant rose to the level of a "franchise agreement," as the Act contemplates that term. Furthermore, even if Plaintiff can establish that the Act governs, Defendant asserts that it nevertheless complied with the Act's notice requirements for terminating a franchise agreement with cause. The Court finds that these defenses raise the "possibility that the outcome of the suit after a full trial" would be "contrary to the result achieved by the default." Despite the parties' thorough efforts to argue the merits of these (and other) defenses, it is unnecessary for the Court to consider the likelihood of Defendant's success on the merits for purposes of setting aside the default.[19] As a result, the Court concludes that Defendant has presented a meritorious defense to Plaintiff's claims for purposes of this Motion and that this equitable factor favors setting aside the default.

## B.  Prejudice to Plaintiff

The second equitable factor under this analysis is prejudice to the plaintiff if the default is set aside. The Sixth Circuit has held that simple delay in advancing the case is insufficient.[20] In order to show prejudice, the plaintiff must show that delay will result in one of the following: "loss of evidence, create increased difficulties of discovery, or provide greater opportunity for

---

claim for violation of the Tennessee Retailer's Act, Tenn. Code Ann. § 47-25-1301, *et seq*.").

[19] *$22,050.00 in U.S. Currency*, 595 F.3d at 326 ("All that matters is whether a well-stated defense, *if sustained*, would change the outcome." (emphasis added)).

[20] *Burrell*, 434 F.3d at 835; *United Coin*, 705 F.2d at 845.

fraud and collusion."[21]

Based on these principles, the Court finds that Plaintiff has failed to show how it will be prejudiced if the default is set aside. Plaintiff has not argued that evidence will be lost or discovery will be made more difficult. There is no suggestion of fraud or collusion. Therefore, Plaintiff has not established that delay will prejudice its interests. Plaintiff mainly argues that it will be prejudiced because Plaintiff had already obtained a judgment in this matter, pining that "[w]ere it not for 'the luck of the draw,' this case would be over." Having had its default judgment vacated by the Magistrate Judge, Plaintiff, through no fault of its own, is now faced with the possibility of starting over and proceeding to merits discovery. Plaintiff contends that it has been denied finality in its judgment and forced to incur additional expense in prosecuting its claims.

The Court finds Plaintiff's arguments unconvincing. As a general matter, any plaintiff who obtains a default judgment (or even an entry of default) only to have that judgment set aside faces the prejudice and inconvenience of additional expense in prosecuting a case to its conclusion. Thus, the prejudice Plaintiff complains about is not unique to this case and so does not clearly weigh against setting the default aside. Accordingly, the Court holds that in the absence of a showing of prejudice, this factor does not weigh against setting aside the default.

### C.     Defendant's Culpability

The third and final equitable factor is the culpability of the party in default. To be considered culpable, "the conduct of a defendant must display either an intent to thwart judicial

---

[21] *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

proceedings or a reckless disregard for the effect of its conduct on judicial proceedings."[22]  The Sixth Circuit has explained that "mere negligence or failure to act reasonably is not enough to sustain a default."[23]  It follows that a party in default is not required to demonstrate that its neglect was excusable.[24]  Applying these rules to the facts presented, the Court concludes that Defendant's conduct in failing to appear and defend was not culpable for purposes of Rule 55(c).  Defendant does not dispute that service of process was properly accomplished in this case by service on Defendant's registered agent.  The agent then transmitted via Fed Ex the summons and Complaint to Defendant's corporate legal administrator, Traci Benish ("Benish").  According to Benish's declaration, an unnamed staff attorney working for Defendant signed for the Fed Ex package but never delivered the documents to Benish, as required by corporate policy.  Defendant asserts that to date the summons and Complaint forwarded by Defendant's agent in June 2010 has never been located.  Defendant further admits that its registered agent sent Benish an email in June 2010 to confirm delivery of the summons and Complaint.  Benish has averred that the email was filtered to a spam folder where it remained until Defendant discovered the default judgment early this year.  Otherwise, Defendant claims that it had no notice of Plaintiff's Complaint until Plaintiff began collection procedures to satisfy the default judgment.[25]

---

[22] *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (quoting *INVST*, 815 F.2d at 399).

[23] *$22,050.00 in U.S. Currency*, 595 F.3d at 327.

[24] *Shepard Claims*, 796 F.2d at 194.

[25] Defendant has suggested that Plaintiff had a duty to serve Defendant with subsequent motions and filings in the case, including the motion for entry of default and the motion for default judgment.  The Court finds no support for Defendant's claim because in its motion for

The Court finds that Defendant through its corporate counsel was negligent and otherwise failed to act reasonably to answer the Complaint in this instance. Defendant has admitted that it failed to answer or appear to defend in this case despite the fact that Plaintiff properly served Defendant's registered agent. Defendant has proffered an explanation, albeit a vague one, about why the Complaint did not reach Defendant's corporate counsel. It is clear that the breakdown in this case is attributable to Defendant and its legal department. Default, however, "should not be used as a vehicle for disciplining attorneys."[26] Viewing the proffered explanation in a light most favorable to Defendant, the Court finds that Defendant did not act intentionally or with a reckless disregard to thwart the judicial proceedings. Therefore, Defendant's conduct does not rise to the level of culpability that would justify denying a motion to set aside default under Rule 55(c). The Court concludes that this factor weighs in favor of setting aside the default.

Having found that the equitable factors in this case favor setting aside the default, Defendant's Motion is **GRANTED**. The Clerk's Entry of Default on June 28, 2010, is hereby set aside pursuant to Federal Rule of Civil Procedure 55(c).

### III.   Plaintiff's Motion to Strike

Plaintiff has filed a Motion to Strike Defendant's Answer, arguing that the Answer was

---

entry of default, Plaintiff demonstrated Defendant's failure to defend by affidavit. *Citizens Bank v. Parnes*, No. 09-1306, 376 F. App'x 496, 506, 2010 WL 1753296, at * 9 (6th Cir. May 4, 2010) ("There is no notice requirement for the clerk's initial entry of default under Rule 55(a), so long as the failure to defend is demonstrated by 'affidavit or otherwise.'"). After the entry of default, service on a party in default is not required. Fed. R. Civ. P. 5(a)(2).

[26] *Shepard Claims*, 796 F.2d at 195.

filed far outside of Rule 12(a)'s time limit for a responsive pleading. Courts generally treat a late-filed answer in the same manner as a Rule 55(c) motion to set aside a default.[27] Conversely, courts will construe a motion to strike an untimely answer as a motion for entry of default.[28] Because the Court has concluded that Defendant has shown good cause for setting aside the default, the Court finds Plaintiff's Motion to Strike to be moot. Therefore, Plaintiff's Motion is **DENIED.**

IV.     **Plaintiff's Motion for Default Judgment**

As previously discussed, the Magistrate Judge instructed the Clerk of Court to re-open Plaintiff's Motion for Default Judgment (D.E. # 8, 9) for a District Judge's consideration. The Court has now set aside the entry of default. Defendant has filed an Answer and otherwise appeared to defend in this matter. Therefore, Plaintiff's Motion for Default Judgment is **DENIED** as moot.

V.     **Plaintiff's Miscellaneous Requests for Relief**

In its brief in opposition to Defendant's Motion to Set Aside Default, Plaintiff made in passing two conditional requests for relief. First, Plaintiff stated an intention to seek leave to amend its Complaint in the event that the Court decided to set aside the default.[29] Second, Plaintiff stated that if the Court were to set aside the default, the Court should consider awarding

---

[27] *United Coin*, 705 F.2d at 844 (citations omitted).

[28] *Amari v. Spillan*, No. 2:08-CV-829, 2009 WL 5216042, at * 2 (S.D. Ohio Dec. 29, 2009) (citing *McMillen v. J.C. Penney Co.,* 205 F.R.D. 557, 558 (D. Nev. 2002) and *Heber v. United States*, 145 F.R.D. 576 (D. Utah 1992)).

[29] Pl.'s Mem. Opp'n Mot. Set Aside, 2 n.1.

Plaintiff its costs and expenses as well as attorney fees incurred in obtaining the initial default judgment.[30]  If Plaintiff elects to pursue the relief mentioned, the Court instructs Plaintiff to file separate motions, stating with particularity the grounds for the relief requested.  Plaintiff should file his motions, if any, within twenty-one (21) days of the entry of this Order.

## CONCLUSION

Defendant's Motion to Set Aside Entry of Default (D.E. # 42, 43) is **GRANTED**.  Plaintiff's Motion to Strike Defendant's Answer (D.E. # 46) is **DENIED** as moot.  Likewise, Plaintiff's Motion for Default Judgment (D.E. # 8, 9) is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 30, 2011.

---

[30] *Id*. at 16 n.6.