**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JACK TYLER ENGINEERING | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 10-2373-STA |
| | ) | |
| COLFAX CORPORATION, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Colfax Corporation's Motion to Dismiss Count III of the First

Amended Complaint (D.E. # 69) filed on May 18, 2011.  Plaintiff Jack Tyler Engineering Company,

Inc. has filed a response in opposition.  For the reasons set forth below, Defendant's Motion is

**GRANTED**.

## BACKGROUND

Plaintiff alleges that Defendant is engaged in the business of selling various types of

industrial equipment and that since 2001 Plaintiff had sold Defendant's products under the terms of

an exclusive distributorship agreement for West Tennessee, North Mississippi, and the state of

Arkansas.  (First Am. Compl. ¶¶ 2, 5.)  Despite its promise that the parties would have a formal,

written agreement in place by the end of 2004, Defendant never fulfilled the promise.  (*Id.* ¶ 6.)

Plaintiff alleges that Defendant misrepresented its intentions in order to induce Plaintiff to distribute

Defendant's products and develop a market for the products in the region.  (*Id.*)  Defendant

1

unilaterally terminated the distributorship agreement without cause effective October 15, 2007.  (*Id.* ¶ 7.)  Plaintiff's First Amended Complaint has alleged (1) violations of the Tennessee Retailers Act, Tenn. Code Ann. § 47-25-1301 *et seq.*; (2) breach of contract; and (3) fraud.

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to state its claim for fraud with the requisite particularity.  Defendant contends that Plaintiff has not sufficiently pled the circumstances constituting the fraud, that is, when the alleged misrepresentations occurred, who made the misrepresentations on behalf of Colfax, and in what context the misrepresentations were made.  Without these specifics, Plaintiff's fraud claim is not stated with the particularity required by Federal Rule of Civil Procedure 9(b).  Furthermore, Defendant asserts that Plaintiff has not alleged any facts to show that Defendant knew its representations were false when made or that Defendant acted with the present intent not to perform as promised.  Defendant argues that the other allegations of the First Amended Complaint show that the parties conducted business for a term of years.  Accepted as true, this fact alone is inconsistent with any allegation that Defendant had no present intent to carry out its promise.  Therefore, Defendant argues that the Court should dismiss the fraud count.

Plaintiff has responded in opposition to Defendant's Motion to Dismiss.  Plaintiff states that its claim for fraud is based on Defendant's promise to reduce the parties' agreements to writing by the end of 2004.  Plaintiff points to paragraph 6 of the First Amended Complaint where Plaintiff alleges, "Throughout the course of the relationship, Colfax promised Plaintiff that a 'formal' agreement reflecting the agreement between the parties would be in place by the end of 2004;

however, Colfax never fulfilled its promise."[1]  In support of this contention, Plaintiff has attached to the First Amended Complaint a memorandum from Jim Siebolt, Southeast Area Manager of Colfax Pump Group, addressed to Jack Tyler, Jr., and dated November 7, 2004.  *See* First Am. Compl., ex. 2.  Plaintiff argues that this exhibit shows the particular circumstances of Defendant's allegedly fraudulent misrepresentation that Defendant would reduce the parties' agreement to writing by the end of 2004.[2]  Defendant's arguments to the contrary, Plaintiff contends that the rules of pleading do not require Plaintiff to include more direct evidence in support of its fraud allegations. Plaintiff argues that it has pled "sufficient circumstantial evidence" to create an inference about Defendant's promises to reduce the parties' agreement to writing without the present intent to actually do so.  Finally, Plaintiff contends that dismissal of its fraud claim would deprive Plaintiff of its alternative theory of recovery.  According to Plaintiff, "[e]ither the parties had an enforceable agreement, or Plaintiff was misled into believing the parties had one based upon Colfax's fraudulent representations."  Resp. in Opp'n 6. Therefore, the Court should deny Defendant's Motion to Dismiss.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all

---

[1] Plaintiff actually states that paragraphs 6 and 49 through 59 are "the relevant paragraphs of Plaintiff's First Amended Complaint for purposes of Colfax's motion."  Resp. in Opp'n 3–4.

[2] Plaintiff adds that "such representations were repeatedly made in order to induce [Plaintiff] to continue marketing Colfax's products in the designated territory and to develop the market for these products."  Pl.'s Resp. in Opp'n 1.  Plaintiff has not, however, offered the particular circumstances surrounding any of these other alleged misrepresentations.

of the allegations in the light most favorable to the non-moving party.[3]  However, legal conclusions or unwarranted factual inferences need not be accepted as true.[4]  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[5]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6]  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[7]  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

## ANALYSIS

The Court holds that Count III of Plaintiff's First Amended Complaint has failed to allege

---

[3] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[4] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[5] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[8] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[9] *Iqbal,* 129 S.Ct. at 1949.

a plausible claim for common law fraud.  The Sixth Circuit has held that under Tennessee law the elements of fraud or promissory fraud are as follows: (1) an intentional  misrepresentation with regard to a material fact; (2) knowledge of the misrepresentation's falsity-that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage; and (4) that the misrepresentation relates to an existing or past fact, or if the claim is based on promissory fraud, then the misrepresentation must embody a promise of future action without the present intention to carry out the promise.[10]  In its Motion to Dismiss, Defendant argues that the First Amended Complaint fails to plead the circumstances constituting the fraud with particularity and that Plaintiff has not alleged facts, which would support the inference that Defendant acted without the present intent not to perform as promised.  The Court will consider each of these arguments in turn.

## I.      Particularity of the Fraud

First, Defendant contends that Plaintiff has not stated its claim for fraud and the circumstances constituting the fraud with sufficient particularity.  Fed. R. Civ. P. 9(b) requires a plaintiff to plead fraud with particularity.  At a minimum plaintiff must allege "the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud."[11]  Furthermore, "failure to plead an essential element of a claim of fraud warrants dismissal of a claim . . . ."[12]  "[A] district court need not accept claims that consist

---

[10] *Shah v. Racetrac Petroleoum Co.*, 338 F.3d 557, 566-67 (6th Cir. 2003) (citing *Stacks v. Saunders,* 812 S.W.2d 587 (Tenn. Ct. App. 1990)).  See also *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008) (defining elements of common law fraud).

[11] *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006).

[12] *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

5

of no more than mere assertions and unsupported or unsupportable conclusions."[13] Defendant argues that the First Amended Complaint "appears" to allege four separate misrepresentations: (1) that Defendant would give Plaintiff exclusive rights to distribute Defendant's products in the territory; (2) that Defendant would pay Plaintiff commission on sales of Defendant's products; (3) that Defendant would not allow other companies to distribute its products in Plaintiff's territory; and (4) that Defendant would reduce the parties' agreement to a written contract by the end of 2004.  Mem. in Support Mot. Dismiss 6-7.  Defendant argues that Plaintiff has not alleged the time, place and content of the fraudulent misrepresentations.  In response Plaintiff has clarified that its claim for fraud is actually based only on Defendant's alleged promise to reduce the parties' agreement to writing by the end of 2004.  Plaintiff cites for support exhibit 2 to the First Amended Complaint, a letter in which Defendant's regional manager wrote to Plaintiff's principle, "We expect to have a formal distributor contract that will define products, markets, account exclusions and territory by the end of 2004."

Accepting the allegations of the First Amended Complaint and its exhibits as true, the Court holds that Plaintiff has not stated its claim for fraud with sufficient particularity.  As an initial matter, Plaintiff states that the basis for its fraud claim is Defendant's alleged promise to put the distributorship agreement in writing, while Defendant has construed the pleadings to allege this and three other misrepresentations.  In light of Plaintiff's concession on this point, the Court will confine its Rule 9(b) analysis to the theory that Defendant's promise to reduce the agreement to writing by the end of 2004 constitutes the fraud alleged in Count III.  In support of the claim, Plaintiff has

---

[13] *Hagen v. U-Haul Co. of Tenn.*, No. 08-cv-1197, 2009 WL 211094, *7 (W.D. Tenn. Jan. 28, 2009) (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006)).

alleged that Jim Siebolt, Defendant's regional manager, addressed a letter to Plaintiff on November 7, 2004, stating that Defendant "expect[ed] to have a formal distributor contract . . . by the end of 2004." The letter also states that Defendant was in the process of realigning sales territories in the state of Tennessee. One of the terms of the parties' alleged agreement concerned exclusive distributorship rights Defendant granted to Plaintiff in Tennessee and other states. Plaintiff alleges that Defendant induced Plaintiff to develop the market for Defendant's products in exchange for the exclusive right to distribute the products in the territory. As a result of Plaintiff's efforts, Defendant earned sales in the territory and gained the benefit of a new market for its goods.

Based on these allegations, the Court holds that Plaintiff has failed to state a plausible claim for fraud as to Defendant's promise to reduce the distributorship agreement to writing. The Complaint contains at best a formulaic recitation of the elements of fraud under Tennessee law. Plaintiff's multiple references to Defendant's "numerous oral and written statements" fail to plead the time, place and content of the misrepresentations constituting the fraud with any specificity. For this reason alone, Defendant's Motion should be granted. Even when read in the light most favorable to Plaintiff, the Siebolt letter shows only that Siebolt "expected" a formal agreement, and not that Siebolt made a promise of some future action. In fact, the Complaint does not even allege whether Siebolt had authority from Defendant to promise a final agreement. The other allegations of the Complaint further undermine the inference that Defendant made a false representation about its intent to enter into a formal agreement. Plaintiff alleges that it had acted as Defendant's distributor for some years before the November 2004 letter and continued to act as Defendant's distributor until Defendant terminated the relationship two years later. Plaintiff has simply not pled any facts with particularity to show that Defendant made a false promise of future conduct with

respect to formal contract.  Therefore, Defendant's Motion to Dismiss  must be granted.

## II.    Defendant's Present Intent Not to Perform

As an alternative grounds for dismissal, Defendant argues that Plaintiff has failed to allege any facts to support its contention that Defendant made its promises to Plaintiff without the present intent to perform as promised.  "Where a claim for fraudulent inducement rests on false promises made without the present intent to perform, or promissory fraud, the plaintiff must prove more than a subsequent failure to keep the promise."[14]  Here Plaintiff must plead facts to show that at the time the promise was made, Defendant had no intention to carry it out.  Courts applying Tennessee law have opined that "[t]he most difficult element of this tort concerns the intent not to perform."[15]  Because the Court concludes that Plaintiff has failed to state a plausible claim for fraud with the requisite particularity, the Court need not reach this alternative argument.  Therefore, Defendant's Motion is **GRANTED**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 19, 2011.

---

[14] *Kelly v. Int'l Capital Res., Inc.*, 231 F.R.D. 502, 517-18 (M.D. Tenn. 2005) (citations and quotation omitted).

[15] *WYCQ, Inc. v. Nat'l Music Mktg., Inc.*, No. 3:05-cv-0979, 2008 WL 56027, at *6 (M.D. Tenn. Jan 3., 2008) (quoting *Noblin v. Christiansen,* No. M2005-01316-COA-R3-CV, 2007 WL 1574273, at *6 (Tenn. Ct. App. May 30, 2007)).