IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JACK TYLER ENGINEERING COMPANY,

    Plaintiff,

v.              Case No. 2:10-cv-02373-STA-cgc

COLFAX CORPORATION,

    Defendant.

---

ORDER DENYING PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS

---

  Before the Court is Plaintiff Jack Tyler Engineering Company's ("Jack Tyler" or "Plaintiff") Motion for Attorneys' Fees and Costs associated with its pursuit of the June 28, 2010 entry of default and the October 25, 2010 default judgment. (Docket Entry "D.E." #64). Although the entry of default and default judgment have since been set aside and vacated respectively, Jack Tyler seeks $17,941.66 in attorneys' fees and costs that it incurred in its attempts to remedy Colfax's non-appearance. The instant motion was referred to the Magistrate Judge for determination. (D.E. #77). For the reasons set forth herein, Plaintiff's motion is hereby DENIED.

  **I. Introduction**

  On May 18, 2010, Plaintiff filed its Complaint, at which time a Summons was issued to be served upon Defendant Colfax Corporation ("Colfax" or "Defendant") "c/o Corporation Service Company." Jack Tyler filed a Return of Service with this Court stating that Colfax had been properly served. On June 25, 2010, Jack Tyler filed a Motion for Entry of Default asserting that

1

Colfax had failed to plead or otherwise defend the Complaint within the time period set forth in Rule 12 of the Federal Rules of Civil Procedure. On June 28, 2010, the Clerk of Court entered a default against Colfax pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On August 13, 2010, Jack Tyler filed a Motion for Default Judgment and Memorandum in Support of Motion for Default Judgment. (D.E. #8, #9). On October 18, 2010, the Magistrate Judge, who had been initially assigned the case as presiding judge, held a hearing on Jack Tyler's Motion for Default Judgment. At the hearing, Jack Tyler, the sole appearing party, consented to the jurisdiction of the Magistrate Judge. At the conclusion of the hearing, the Court entered a default judgment against Colfax and awarded Jack Tyler damages. On October 25, 2010, the Court entered the Order Granting Motion for Default Judgment and the Judgment. On November 24, 2010, a Writ of Execution, Summons, and Notice of Garnishment was issued to satisfy the Judgment.

On January 10, 2011, Colfax filed an Expedited Motion to Vacate and Set Aside Default Judgment, its first filing in the instant case. Colfax asserted that it had been unaware of the pendency of this action until January 7, 2011, when the company received notice that its bank accounts were frozen. Colfax thus requested that the Court set aside and vacate the Default Judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. On January 19, 2011, Plaintiff filed its Response to Colfax's motion, which argued that Colfax had been properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure and that the default judgment should not be set aside. On January 20, 2011, the eve of the hearing before the Magistrate Judge, Colfax filed a Reply Memorandum in Further Support of Colfax's Motion. Colfax's Reply raised for the first time the issue of "whether there was authority and jurisdiction under 28 U.S.C. § 636 for a magistrate judge to enter a default judgment and award damages."

2

On January 21, 2011, the Magistrate Judge held a hearing on Colfax's motion. Colfax argued that the Magistrate Judge must first determine whether she had jurisdiction to enter a default judgment without the consent of the non-appearing party. The Magistrate Judge concurred that proper jurisdiction was indeed a threshold question and provided each party one week to brief the issue. The parties submitted their briefs as to the Magistrate Judge's jurisdiction over a non-appearing defendant on January 28, 2011. On February 3, 2011, the Magistrate Judge concluded that she did not have proper jurisdiction to enter a default judgment, as the non-appearing party had not consented to her jurisdiction. Accordingly, the Magistrate Judge vacated and set aside the October 25, 2010 Default Judgment and ordered the Clerk of Court to reopen the August 13, 2010 Motion for Default Judgment and to reassign the case to a presiding United States District Judge.

On February 8, 2011, after the case had been assigned to the District Judge, Colfax filed a Motion to Set Aside Default. (D.E. #42, #43). On March 31, 2011, the District Court concluded that the equitable factors favored setting aside the entry of default and granted Colfax's motion pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Specifically, with respect to Colfax's culpability for failure to appear, the District Court concluded that it did not rise to the level necessary under Rule 55(c), which requires intentional misconduct or reckless disregard for the conduct's effect on judicial proceedings; however, the District Court did conclude that Colfax was negligent and only proffered a "vague" explanation of "why the Complaint did not reach Defendant's corporate counsel." The District Court further concluded that it is "clear that the breakdown in this case is attributable to Defendant and its legal department," but that a default "'should not be used as a vehicle for disciplining attorneys.'"

The District Court then determined that, as the entry of default had been set aside, Plaintiff's

3

Motion for Default Judgment must be denied as moot. With respect to Plaintiff's additional request that it be awarded attorneys' fees incurred in obtaining the initial Default Judgment, the District Court advised as follows: "If Plaintiff elects to pursue the relief mentioned, the Court instructs Plaintiff to file separate motions, stating with particularity the grounds for the relief requested. Plaintiff should file his motions, if any, within twenty-one (21) days of the entry of this Order."

On April 21, 2011, Plaintiff filed the instant Motion for Attorneys' Fees and Costs (D.E. #64, #65), which sought an award of all fees and costs associated with the pursuit of the Clerk's entry of default and the default judgment. As exhibits, Plaintiff filed its Invoice for the requested attorneys' fees in the amount of $14,805.00 and costs in the amount of $3,136.66. Plaintiff also filed the affidavits of Plaintiffs' counsel, Tony L. Wilcox and Brandon W. Lacy.

Plaintiff explains that it has only requested the attorneys' fees incurred up until October 25, 2010, when Plaintiff obtained the Default Judgment from the Magistrate Judge. With respect to costs, Plaintiff has requested the costs incurred before the entry of the Default Judgment and certain costs incurred afterward, including fees relating to the garnishment. Plaintiff explicitly states that it has not requested to recover for certain other categories of attorneys' fees, including as follows: (1) attorneys' fees for any effort that would be required on the case notwithstanding the Clerk's entry of default, including the preparation and filing of the motion to appear *pro hac vice*; (2) expenses that would have been incurred even if Colfax had entered a timely appearance; and, (3) attorneys' fees incurred defending the Clerk's entry of default or default judgment after they were entered and Colfax made its appearance. Thus, Plaintiff argues that it has only requested attorneys' fees and costs "for efforts which would have been required had Colfax simply entered a timely appearance and defended itself in this lawsuit." Plaintiff further relies upon the District Court's

4

conclusions that Colfax's legal department was negligent in failing to properly defend the case and that Colfax only provided a "vague" explanation for its failures to justify its requests for attorneys' fees and costs.

On May 9, 2011, Colfax filed its Response to Plaintiff's Motion for Attorneys' Fees and Costs. Colfax asserts that Jack Tyler's request must fail because it seeks reimbursement for unnecessary costs incurred in connection with obtaining a default judgment that was void *ab initio* and a Clerk's entry of default that has been set aside. Colfax argues that Plaintiffs have not provided any authority supporting an award of fees and costs in the circumstances where a default judgment was determined to be void due to lack of jurisdiction. Further, Colfax argues that the majority of the authorities cited by Plaintiffs supporting their proposed award of fees do not involve situations, as here, where Plaintiffs never attempted in any way to contact Defendants or serve papers upon Defendants. Thus, Colfax argues that Plaintiffs in this case acted "apparently in hopes of obtaining a windfall via default judgment" and, "[h]aving gambled on that choice and lost," now seek reimbursement of the fees it chose to incur from Colfax.

**II. Analysis**

The sole issue presented in the instant case is whether Jack Tyler should be permitted to recover its attorneys' fees and costs related to its attempts to secure an entry of default and default judgment. Neither Jack Tyler nor Colfax rely upon authority from the United States Supreme Court or the United States Court of Appeals for the Sixth Circuit for their respective positions. Instead, Jack Tyler and Colfax point to other courts that have permitted or denied such relief as persuasive authority for this Court to follow.

Jack Tyler relies primarily upon five decisions from other Courts of Appeals and District

5

Courts for its position that an award of attorneys fees is proper under the circumstances. *See Coon v. Grenier*, 867 F.2d 73, 79 (1st Cir. 1989); *Littlefield v. Walt Flanagan and Co.*, 498 F.3d 1133, 1136 (10th Cir. 1974); *Kryzak v. Dresser Industries*, 118 F.R.D. 12, 14 (D. Maine 1987); *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 513 (N.D. Ohio 1983); *Wilcox v. Triple D Corp.*, 78 F.R.D. 5,7 (E.D.Va. 1978). These courts permitted some type of sanction or award of attorneys' fees and costs against the defaulting party for their dilatory conduct, including conditioning the setting aside of default upon such an award. In *Littlefield*, the court concluded that imposing a condition of sanctions to vacating a default is appropriate "to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead." 498 F.3d at 1136. In *Wilcox*, the court similarly determined that sanctions should compensate a plaintiff for "its trouble, costs and expense in pressing its rightful claim to a default." 78 F.R.D. at 7.

With respect to whether a plaintiff can obtain such sanctions when a defaulting defendant is negligent rather than willful or reckless in failing to appear, the *Savin* and *Kryzak* courts determined that such an award was appropriate. Specifically, the *Kryzak* court concluded as follows:

> Administrative carelessness does not, and cannot be permitted to, justify delays and oversights that cause the Court and opposing counsel to expend considerable resources preparing, defending and ruling on motions that reasonable diligence in the administrative processing of claims could have averted. Although the Court recognizes that human error does occur, it also recognizes the need to reprimand such error in order that the risk of its recurrence be minimized, especially where such error causes a waste of one of the most precious of judicial commodities, time.

118 F.R.D. at 14. Thus, the *Kryzak* court held that, even if the facts of the case are not sufficient to deny setting aside a default or default judgment and thereby foreclose a defendant's opportunity to defend a case on its merits, "negligent delay and its effects cannot be ignored." *Id.* Accordingly, "[w]here delay-causing error results from negligence, sanctions are warranted." *Id.* Ultimately, the

6

*Kryzak* court conditioned the setting aside of default upon the payment of six hundred dollars for the negligent delay. Likewise, in *Savin*, the court determined that a defendant who negligently defaulted "is entitled to recover from defendant reasonable attorney's fees incurred in the presentation of their motion for default judgment." 98 F.R.D. at 512-13.

In response, Colfax first argues that the cases cited by Jack Tyler are inapposite. Colfax argues that several of these courts considered situations where either plaintiffs were found to be prejudiced or where the defaulting party knowingly failed to appear in the litigation. Specifically, in *Wilcox*, the defendants had entered into a stipulation on the record extending the time to answer but nonetheless did not file a timely responsive pleading. 78 F.R.D. at 5. In *Savin*, the corporate legal department had received the complaint and was aware of the litigation but mistakenly believed that service was not complete until a return of service was filed with the court. 98 F.R.D. at 510-511. In *Littlefield*, the defendants demonstrated awareness of the lawsuit by filing documents in the appellate court but nonetheless failed to timely file a responsive pleading. 498 F.2d at 1134-35. The trial judge in *Littlefield* "sharply criticized" the defendants' actions and found that plaintiffs suffered prejudice that should be mitigated by sanctions. *Id.* at 1135.

Colfax next argues that the majority of cases cited by Jack Tyler involve situations where plaintiffs either had made contact with defendants who then failed to make an appearance or who made extensive unsuccessful attempts to contact a non-appearing defendant after initial service of the complaint. For example, plaintiff's counsel in *Wilcox* contacted defendant's counsel, stipulated to an extension for filing an answer, and then defendant nonetheless defaulted. 78 F.R.D. at 5. Likewise, plaintiff's counsel in *Coon* engaged in a "string of failed attempts at service," including corresponding with the post service, the state's motor vehicle registrar, and the defendant's

insurance carrier, and then serving defendant by two methods of substitute service before seeking default over a year later. 867 F.2d 73, 74-75. While Jack Tyler was not obligated to take these actions before seeking a default or default judgment, even the courts they relied upon have looked to the extent to which a plaintiff attempts to remedy the non-appearance before engaging in motion practice as an important consideration in determining whether its attorneys' fees and costs should be borne by the opposing party.

Colfax additionally argues that other courts have concluded that negligent, inadvertent mistakes that do not result in prejudice to plaintiff should not be awarded fees. For example, in *Golden v. National Finance Adjusters*, 555 F. Supp. 42 (1982), the court concluded that an award of attorneys' fees and costs was not appropriate when the defendant's default was not willful and when a set-aside of the default would not prejudice plaintiffs. *Id.* at 45-46. Additionally, in *Pall Corporation v. Entegris, Inc.*, 249 F.R.D. 48 (E.D.N.Y. 2008), the court found that the default was the "result of an inadvertent mistake" rather than an "extended period of wasted time or disregard of court orders." *Id.* at 52. The *Pall* court concluded that, while it does not condone the defaulting party's "carelessness" and recognizes that, but for its negligence, the plaintiff "would not have had to engage in motion practice," an award of attorneys' fees and costs was not warranted under the circumstances. *Id.* at 53.

Upon review, the Court recognizes that certain situations may rise to the level where an award of attorneys' fees, costs, or sanctions would be appropriate. Relying upon the persuasive authority presented by both parties, those circumstances most often involve actual knowledge of the pending litigation and fairly flagrant disregard of the judicial process. However, under the circumstances presented in this case, the Court concludes that Colfax's negligent failure to appear

8

based upon a mistake by their legal department does not rise to the level necessary to assess attorneys' fees and costs. Further, the District Court has already concluded that Jack Tyler will not face any unique prejudice going forward in this case, and accordingly there is no particular disadvantage to Jack Tyler that warrants being mitigated by such an award. While the Court does not intend to condone Colfax's negligent failure to appear, the Court does not find that an award of $17,941.66 is appropriate under the facts of the case. Accordingly, the Court finds that Jack Tyler's Motion for Attorneys' Fees and Costs should be DENIED.

### III. Conclusion

Based upon the foregoing authorities and reasoning, the Plaintiff's Motion for Attorneys' Fees and Costs is hereby DENIED.

**IT IS SO ORDERED** this 3rd day of February, 2012.

>	s/ Charmiane G. Claxton
>	CHARMIANE G. CLAXTON
>	UNITED STATES MAGISTRATE JUDGE