# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

JACK TYLER ENGINEERING
COMPANY, INC.,

    Plaintiff,

v.                                                   Case No. 10-02373

COFLAX CORPORATION,

    Defendant.

                                              /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CONVERTING THE HEARING INTO A STATUS CONFERENCE**

Plaintiff Jack Tyler Engineering Company, Inc. ("JTE") brought a breach of contract action against Defendant Coflax Corporation ("Coflax") after Coflax unilaterally terminated the parties' distributorship agreement. Coflax moves for summary judgment alleging that JTE is unable to prove that it suffered damages as a result of the termination, an essential element to all of JTE's claims. The motion has been fully briefed, and a hearing is unnecessary. For the following reasons, the court will deny Coflax's motion for summary judgment.

**I. BACKGROUND**

JTE entered into an exclusive distributorship agreement with Coflax on September 28, 2001. JTE held the exclusive distributorship rights to sell Coflax products in western Tennessee, northern Mississippi, and Arkansas. While Coflax promised that the parties would reduce their agreement to a formal, written agreement

by the end of 2004, the agreement was never memorialized.  Coflax unilaterally terminated the agreement effective October 15, 2007.

JTE did not earn a profit from 2002-2006, the five years preceding termination. In 2007, following the termination, JTE earned a profit for the first time since 2001.  JTE realized even higher profits in 2008.  Coflax claims that JTE did not suffer any damages as a result of the agreement's termination, and even if JTE did incur damages, Coflax argues, JTE successfully mitigated those damages.  JTE disagrees, asserting that it would have earned even higher profits in 2007 and 2008 had it retained the distribution rights for the Coflax products.  JTE also disputes that it mitigated its damages.

JTE filed suit against Coflax alleging (1) violation of Tennessee's Repurchase of Terminated Franchise Inventory Act, Tenn. Code Ann. § 47-25-1301 *et seq.*; (2) breach of contract; (3) fraud; and (4) unjust enrichment.  JTE also seeks a declaratory judgment.  JTE claims that Coflax terminated the distributorship agreement without good cause or proper notice and opportunity to cure.  The court previously dismissed JTE's fraud count for failure to state a claim.  Coflax now moves for summary judgment on the remaining counts.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The burden then shifts to the non-moving party, who "must do more than simply show that

there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-52. When deciding summary judgment motions, "the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (citing *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The court does not weigh the evidence to determine the truth of the matter, but rather to determine if the evidence creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson*, 477 U.S. at 249).

### III. DISCUSSION

Coflax argues that summary judgment is warranted because JTE is unable to prove that it incurred any damages, an essential element to its remaining claims. It is acknowledged that JTE earned no gross profit while selling Coflax products from 2001 until the termination of the distributorship agreement in October 2007, and Coflax claims that JTE therefore cannot demonstrate it suffered lost profits as a result of being unable to sell Coflax products thereafter.

3

Coflax is mistaken, however, in focusing upon JTE's *gross* profits in its damages analysis. The pertinent question before the court is whether there is a genuine issue of fact regarding the existence of lost net profits from JTE being unable to sell Coflax products. Under Tennessee law, the recovery of lost profits is based on net profits, not gross profits. *Waggoner Motors Inc. v. Waverly Church of Christ*, 159 S.W.3d 42, 59 (Tenn. Ct. App. 2004). When determining the loss of expected profits from the sale of goods, "the expected net profits equals the expected revenue from the sale of the goods minus the cost of the goods sold minus all of the seller's expenses fairly attributable to the sale of the goods." *Id.* "The best evidence of lost profits is a comparison of the experience of the injured party's own business before and after the wrongdoing." *Id.* Further, "an injured party may recover lost anticipated profits when their nature and occurrence have been established with reasonable certainty." *Id.* at 58. The reasonable certainty standard, which is flexible and "permits the courts to take the particular facts of each case into consideration," applies as well "to the evidence regarding the existence of damages." *Id.* "The existence of damages has been proven with reasonable certainty when the mind of a prudently impartial person is satisfied that the injured party has been damaged." *Id.*

Coflax offers no evidence that JTE did not earn a *net* profit from selling Coflax products before the termination, but JTE does. Jack Tyler, CEO of JTE, testified at deposition that the net profit margin on Coflax products was "[p]robably three or four percent." (Jack Tyler Dep. at 100, Dkt. # 101-6.) Furthermore, Tyler submitted an affidavit that asserts JTE "would have experienced even more profit" in 2007 and 2008 had it represented the Coflax line. (Jack Tyler Aff. ¶ 11, Dkt. # 113-5.) This evidence

4

alone identifies a genuine issue of material fact regarding JTE's ability to prove "with reasonable certainty" that it suffered lost profits.

Coflax secondly claims that even if JTE did suffer damages, JTE successfully mitigated those damages such that it is not entitled to any further relief. Although "a plaintiff has a duty to mitigate damages, a wrongdoer carries the burden of establishing that damages were lessened or might have been lessened by the plaintiff." *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994). The only evidence Coflax offers to meet this burden is the fact that following the termination, JTE earned a profit in 2007 for the first time since it began selling the Coflax products in 2001. Coflax argues that JTE realizing a positive operating revenue immediately after the termination, "at a minimum, shows JTE has sufficiently mitigated any possible damages it could have allegedly incurred." (Def.'s Mem. at 6, Dkt. # 104.)

JTE maintains, in Tyler's affidavit, that JTE was unable to obtain and sell a competing product line to the Coflax products because no such product line exists. (Jack Tyler Aff. ¶ 9, Dkt. # 113-5.) Tyler also avers that JTE did not divert any resources or efforts attributable to the Coflax products to an already existing product line. (*Id.*) JTE argues that Coflax merely assumes that JTE mitigated its damages because it earned a profit in 2007 and 2008 but produces no evidence to prove that JTE did, in fact, mitigate. Summary judgment is not warranted because there exists a genuine issue of fact regarding whether JTE effectively mitigated termination-related damages.

## IV. CONCLUSION

IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 103] is DENIED.

IT IS FURTHER ORDERED that the hearing presently scheduled on Defendant's motion in limine [Dkt. # 100], Defendant's motion for summary judgment [Dkt. # 103], and Plaintiff's motion in limine [Dkt # 107] shall be converted into a status conference which counsel are directed to attend. All pending deadlines are cancelled and will be re-set at the status conference in Courtroom 7 on **February 8, 2013 at 1:30 pm.** .

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 30, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522